**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-20-00461-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| David Bernhardt, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Intervene by Safari Club International (Safari Club). (Doc. 12.) Safari Club seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a). In the alternative, Safari Club requests permissive intervention under Fed. R. Civ. P. 24(b) or leave to participate as amicus curiae. Along with its motion to intervene, Safari Club has lodged a proposed motion to dismiss for lack of standing. (Doc. 12, Ex. 9.) If the Court grants Safari Club's motion to intervene, Safari Club contends that the motion to dismiss would supplement the pending motion to dismiss filed by David Bernhardt, the United States Department of Interior, Aurelia Skipwith, and the United States Fish and Wildlife Service (Federal Defendants).

Plaintiffs acknowledge that Safari Club has an interest in the case and that its interests are inadequately represented by the existing parties; however, Plaintiffs argue that Safari Club's request for intervention is untimely and its involvement would greatly disrupt and delay the proceedings. (Doc. 14.) If the Court grants the motion to intervene, Plaintiffs request that briefing on Safari Club's proposed motion to dismiss be stayed pending

resolution of the Federal Defendants' motion to dismiss, after production of the administrative record, and that the Court impose conditions to avoid delay. (*Id.*)[1]

For the reasons stated herein, the Court will grant Safari Club's motion to intervene as a matter of right.

**DISCUSSION**

Rule 24 of the Federal Rules of Civil Procedure is construed liberally, in favor of the intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). A party seeking intervention of right under Rule 24(a) must meet a four part test: (1) the application must be timely; (2) the applicant must have a "significantly protectable interest" relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Here, Plaintiffs only challenge the timeliness of Safari Club's application for intervention.[2]

"Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay.'" *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citation omitted). Considering these factors, the Court concludes that intervention is timely.

First, Safari Club seeks to intervene at one of the earliest points in litigation. The parties have filed their first pleadings and the Court has not "substantively—and substantially—engaged the issues in this case." *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (substantial engagement by district court weighs against intervention). This factor weighs in favor of intervention.

Second, the Plaintiffs will not be prejudiced by Safari Club's intervention. The

---

[1] The Federal Defendants take no position on Safari Club's motion to intervene. (Doc. 14.)

[2] After consideration of the parties' briefing, the Court finds that Safari Club has demonstrated that it meets the other three requirements of the test.

Court acknowledges that the agency decisions in this case are of a limited duration. But Plaintiffs' assertion that Safari Club's delay will give Defendants' an "increased opportunity for mootness and other challenges" does not establish prejudice, is speculative, and assumes that an exception to mootness does not apply. Plaintiffs also will not suffer prejudice from Safari Club's delayed filling of its motion to dismiss because it does "not lead to relitigating issues such as the denial of [a motion to dismiss]," as the Court has not yet ruled on Defendants' pending motion. *Kamakahi v. Am. Soc'y of Reprod. Med.*, 2015 WL 1926312, *4 (N.D. Cal. April 27, 2015) ("In the context of a timeliness analysis, prejudice is evaluated based on the difference between timely and untimely intervention— not based on the work [Plaintiffs] would need to do regardless of when [the applicant] sought to intervene." (citing *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007))).

Third, while Safari Club delayed filing its motion to intervene by a few weeks, it did so for the purpose of being able to review the soon-to-be filed amended complaint; this was necessary in order for Safari Club to complete its proposed motion to dismiss. Safari Club's decision to wait to file its proposed response to the amended compliant rather than a motion to supplement promotes judicial efficiency. The Court finds the reason for and length of delay weigh in favor of intervention. Because all three factors support a finding of timeliness, the Court will grant Safari Club's motion for intervention.

The Court will deny Plaintiffs' request that the Court impose special conditions for Safari Club's participation in this action. The Court concludes it is premature to stay Safari Club's motion to dismiss pending production of the administrative record. At this point, it is not clear to the Court whether the administrative record is necessary to resolution of the motion to dismiss. Rule 56(d), Fed. R. Civ. P., provides a mechanism for the Court to evaluate this assertion by Plaintiffs. In addition, with respect to concerns about delay,

//
//
//
//

when the Court issues its scheduling order, all parties will be bound by its provisions.

Accordingly,

**IT IS ORDERED** that Safari Club International's Motion to Intervene (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Safari Club shall file its Motion to Dismiss within **three (3) days** of this Order. The standard briefing schedule provided by the Federal Rules of Civil Procedure will apply to the motion.

Dated this 14th day of June, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge